United States District Court
Southern District of Texas
**ENTERED**
February 10, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLD DARRELL MORGAN, JR., TDCJ #694741, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-20-0327 |
| LORIE DAVIS, Director,[1] Texas Department of Criminal Justice - Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Arnold Darrell Morgan, Jr. (TDCJ #694741) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), seeking release under 28 U.S.C. § 2254 from the conditions of his confinement. He has also filed an Application to Proceed Without Prepayment of Fees (Docket Entry No. 2). After considering all of the pleadings and the applicable law pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, this case will be dismissed for the reasons explained below.

---

[1]Although Morgan designates the Texas Department of Criminal Justice as the respondent, the clerk's office has substituted Director Lorie Davis as the state official who has custody of him under Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

## I. Background

Morgan is presently incarcerated by the Texas Department of Criminal Justice ("TDCJ") at the Michael Unit in Tennessee Colony, Texas.[2] Morgan indicates that he is in custody as the result of a 50-year sentence that he received on December 12, 1994, in the 114th District Court of Smith County.[3] Morgan does not challenge his underlying conviction here. Instead, he appears to seek release from conditions of confinement at the Michael Unit that have reportedly placed his "life in dangerment [sic]."[4]

Morgan contends that his life is in danger as the result of second-hand smoke from synthetic marijuana or K-2, which is being brought into the prison by TDCJ staff or medical personnel employed by the University of Texas Medical Branch ("UTMB").[5] Morgan, who reportedly suffers from multiple sclerosis, contends that the drug is causing unspecified damage.[6] Morgan contends further that he is not being given "complete medical treatment" for his condition and

---

[2]Petition, Docket Entry No. 1, p. 10.

[3]See id. at 2. Court records clarify that Morgan was convicted of aggravated sexual assault of a child in Smith County Case No. 4931083 and did not file an appeal. See Morgan v. Director, TDCJ-CID, Civil No. 6:15-061, 2017 WL 7053986, at *1 (E.D. Tex. July 13, 2017).

[4]Petition, Docket Entry No. 1, pp. 2, 6.

[5]See id. at 6.

[6]See id.

-2-

that both TDCJ and UTMB are not taking him seriously.[7] He seeks relief in the form of "free[dom] from this illegal indangerment [sic]" by TDCJ and UTMB.[8] As discussed in more detail below, the Petition will be dismissed without prejudice.

## II. Discussion

### A. Venue is Improper

Where a state has more than one federal district, a habeas corpus petition is properly filed in one of only two places: (1) the district in which the state court conviction was entered; or (2) the district where the petitioner is incarcerated. See 28 U.S.C. § 2241(d); Wadsworth v. Johnson, 235 F.3d 959, 962 (5th Cir. 2000). It appears that Morgan filed his habeas corpus Petition in the Southern District of Texas, Houston Division, because TDCJ has administrative headquarters located in Huntsville, which is in Walker County. See 28 U.S.C. § 124(b)(2). However, Morgan's underlying conviction (Smith County) and his place of incarceration at the Michael Unit (Anderson County) are located within the Eastern District of Texas, Tyler Division. See 28 U.S.C. § 124(c)(1). To the extent that Morgan attempts to seek habeas relief, his Petition was not properly filed in Houston.

The federal habeas corpus statutes provide that a district

---

[7]See id.

[8]See id. at 7.

court for the district wherein an application for habeas corpus relief has been filed may, in the exercise of its discretion and in furtherance of justice, transfer the petition to another appropriate district court for hearing and determination. See 28 U.S.C. § 2241(d). The court declines to transfer this case because for reasons discussed briefly below Morgan does not state a claim that is actionable under the habeas corpus statutes.

**B.   Morgan Does Not State an Actionable Habeas Claim**

The writ of habeas corpus provides a remedy for prisoners who challenge the "fact or duration" of their confinement and seek "immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). To prevail on federal habeas corpus review, a petitioner must demonstrate that his confinement is unlawful and that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.§ 2241(c)(3); see also 28 U.S.C. § 2254(a).

Morgan does not challenge a judgment that has resulted in his incarceration or show that he is entitled to expedited release from custody because his confinement is unlawful. Because he challenges conditions of confinement, his claims are actionable, if at all, in a civil rights complaint under 42 U.S.C. § 1983. See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't, 37 F.3d 166, 168 (5th Cir. 1994) (explaining that a civil rights complaint under 42 U.S.C. § 1983 is the "appropriate legal vehicle to attack

-4-

unconstitutional . . . conditions of confinement"). Therefore, his Petition will be dismissed without prejudice for lack of subject matter jurisdiction under the federal habeas corpus statutes. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

C. **Morgan's Civil Rights Claims**

As noted above, Morgan's allegations appear to assert civil rights claims concerning the conditions of his confinement and he identifies TDCJ as the entity he holds responsible. Where a prisoner's lawsuit contains both habeas and civil rights claims, the Fifth Circuit has advised district courts to separate the claims for determination under the appropriate legal standard. See Orellana v. Kyle, 65 F.3d 29, 31 (5th Cir. 1995) (citing Serio v. Members of La. State Bd. of Pardons, 821 F.2d 1112, 1119 (5th Cir. 1987)). The court declines to reclassify this case as a civil rights proceeding, however, because records reflect that Morgan has already filed a separate civil rights complaint raising the same or similar claims in this district. See Morgan v. Director of TDCJ, et al., Civil No. H-20-0328 (S.D. Tex.) (asserting claims against the Director of TDCJ and the Director of UTMB). The complaint in that case, which was received the same day that Morgan filed his habeas Petition in this case, seeks monetary damages under 42 U.S.C. § 1983 for exposure to K-2 and the denial of proper medical

care while incarcerated at the Michael Unit. See id. (Docket Entry No. 1).

It is not clear whether Morgan intended to file duplicative civil actions under 42 U.S.C. § 1983 regarding the same operative facts or if he simply filed this habeas action in an attempt to circumvent restrictions found in the Prison Litigation Reform Act (the "PLRA"). In contrast to habeas corpus cases, which have a filing fee of only $5.00, the PLRA requires every prisoner who files a civil rights lawsuit to pay the full amount of the filing fee for a civil action ($400.00) unless they qualify for leave to proceed in forma pauperis, in which case they must pay the filing fee for indigent litigants ($350.00) by installments withdrawn from their inmate trust fund account. See 28 U.S.C. § 1915(a)(2).

Prisoner civil rights lawsuits are also subject to the screening requirement found in 28 U.S.C. § 1915A, which requires a court to scrutinize the claims and dismiss a prisoner's complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). Once a prisoner accumulates three or more dismissals for filing claims that are frivolous, malicious, or fail to state a claim, the PLRA bars a prisoner from proceeding in forma pauperis in federal court unless he is "under imminent danger of

serious physical injury." 28 U.S.C. § 1915(g).

Morgan has not provided a certified copy of his inmate trust fund account statement as required to proceed without prepayment of the filing fee in a civil action. See 28 U.S.C. § 1915(a)(2). Accordingly, his request for leave to proceed in forma pauperis will be denied and any civil rights claims asserted in this case will be dismissed without prejudice to re-filing them in a separate civil action governed by 42 U.S.C. § 1983 and subject to the PLRA. See Brown v. Megg, 857 F.3d 287, 292 (5th Cir. 2017) (observing that a strike may be imposed under the PLRA only where the "action" is dismissed for one of the grounds listed in § 1915(g)).

### III. Conclusion and Order

Accordingly, the court **ORDERS** as follows:

1. The Petition for a Writ of Habeas Corpus by a Person in State Custody filed by Arnold Darrell Morgan, Jr. (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of subject matter jurisdiction under the federal habeas corpus statutes.

2. A certificate of appealability is **DENIED.**

3. The Application to Proceed Without Prepayment of Fees (Docket Entry No. 2) is **DENIED** because the petitioner has not provided a certified copy of his

inmate trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

4. Any civil rights claims asserted in the Petition are **DISMISSED without prejudice** to re-filing in a complaint governed by 42 U.S.C. § 1983.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the petitioner.

**SIGNED** at Houston, Texas, on this 4th day of February 2020.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE